# Supreme Court of Florida

_____

No. SC20-1129

_____

## IN RE: AMENDMENTS TO FLORIDA RULE OF APPELLATE PROCEDURE 9.143.

January 6, 2022

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Appellate Procedure (Rules). *See* Fla. R. Gen. Prac. & Jud. Admin. 2.140(f)(1). We have jurisdiction.[1]

We asked The Florida Bar's Appellate Court Rules Committee (Committee) to propose amendments to the Rules in light of the victims' rights constitutional amendment known as Marsy's Law. *See* art. I, § 16(b), Fla. Const. The Committee filed a report proposing new Florida Rule of Appellate Procedure 9.143 (Crime Victims). We published the proposal for comment and received two

_____

1. *See* art. V, § 2(a), Fla. Const.

comments.  The Committee revised its proposal to address those comments, and then the Committee and The Florida Bar Board of Governors unanimously approved the revised rule proposal.

After reviewing the initial proposal, considering the comments and response filed, and having had the benefit of oral argument, we adopt new rule 9.143, with certain modifications.

First, new subdivision (a) (Victim) defines "victim" for the purposes of this rule as set forth in article 1, section 16(e) of the Florida Constitution.

Next, new subdivision (b) (Record) defines the record on appeal, specifying that it includes "any filing by a victim or other authorized filer on the victim's behalf made part of the court file in accordance with Florida Rule of General Practice and Judicial Administration 2.420(b)(1)(A)."

Additionally, we adopt new subdivision (c) with modifications. First, we revise the title of the subdivision from "Victim Participation" to "Assertion of Victim's Rights."  Also, we modify the subdivision's language to provide that "[a] victim seeking to invoke a right under article I, section 16, of the Florida Constitution may file a motion in the court in which the matter is pending."

Accordingly, the Florida Rules of Appellate Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendments shall take effect immediately upon release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Laura A. Roe, Chair, Appellate Court Rules Committee, St. Petersburg, Florida, Keith W. Upson, Vice Chair, Appellate Court Rules Committee, Naples, Florida, Honorable Stephanie Williams Ray, Past Chair, Appellate Court Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

Honorable Carlos J. Martinez and John Eddy Morrison on behalf of the Florida Public Defender Association, Inc., Miami, Florida; and Robert R. Berry, Tallahassee, Florida,

     Responding with comments

# APPENDIX

## RULE 9.143.   CRIME VICTIMS

In all criminal and juvenile delinquency proceedings pursuant to these rules:

**(a)   Victim.** For purposes of this rule a victim shall be defined as set forth in article I, section 16(e), Florida Constitution.

**(b)   Record.** The record on appeal shall include any filing by a victim or other authorized filer on the victim's behalf made part of the court file in accordance with Florida Rule of General Practice and Judicial Administration 2.420(b)(1)(A).

**(c)   Assertion of Victim's Rights.** A victim seeking to invoke a right under article I, section 16, of the Florida Constitution may file a motion in the court in which the matter is pending.

## Committee Note

**2022 Adoption.** This rule responds to the 2018 amendment of article I, section 16, Florida Constitution, and is not intended to confer party status on a victim.